```
           UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

CHRISTOPHER L. MOORE,

      Movant

v.                                 CIVIL ACTION NO. 2:06-00120
                                      (Criminal No. 2:00-00130-02)

UNITED STATES OF AMERICA,

      Respondent

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of Christopher L. Moore pursuant to 28 U.S.C. § 2255, filed nunc pro tunc as of December 28, 2005, as directed by the court's order entered March 13, 2006.

Movant seeks the vacatur, set aside, or correction of his sentence of a 360 month term of imprisonment on Count One of the second superceding indictment and a concurrent term of 240 months imprisonment on Counts Three and Ten of the second superceding indictment imposed on February 16, 2001, following movant's conviction at trial. Movant's conviction and sentence were affirmed on direct appeal, United States v. Moore, No. 01-4229 (4th Cir. December 17, 2001), and movant did not seek a writ of certiorari.

1

In his section 2255 motion, movant seeks relief under the United States Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) the court received the proposed findings and recommendation of the United States Magistrate Judge, filed April 18, 2006, wherein it is appropriately proposed that the court find that (1) movant's section 2255 motion is untimely under the Anti-Terrorism and Effective Death Penalty Act and (2) movant's conviction became final before <u>Blakely</u> and <u>Booker</u> were decided and that neither <u>Blakely</u> nor <u>Booker</u> applies retroactively on collateral review. Accordingly, the magistrate judge recommends that movant's section 2255 motion be denied.

Upon receiving an extension of time in which to do so, movant timely filed his objections to the proposed findings and recommendation on May 17, 2006.[1] In his objections movant offers no explanation for his failure to timely file his section 2255 motion, and it is quite plain that, as the magistrate judge found, movant's section 2255 motion is untimely. It should, therefore, be dismissed.

---

[1]Although the objections were docketed as filed on May 22, 2006, the date they were received by the Clerk, movant represents that the objections were served on May 17, 2006. In accordance with <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988), the objections were filed on May 17, 2006, the date appearing on the certificate of service.

Moreover, even if the merits were reached, movant has no claim. Both the original motion and the objections to the proposed findings and recommendation hinge solely upon the applicability of the Booker decision. As the magistrate judge noted, the United States Court of Appeals for the Fourth Circuit has held that neither Blakely nor Booker is available for post-conviction relief sought by federal prisoners whose convictions became final before the decisions in those two cases. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Movant's conviction became final on March 17, 2002, well prior to the United States Supreme Court's decisions in both Blakely and Booker, and, thus, those cases are of no assistance to movant in his collateral challenge.

Based upon the foregoing discussion and the proposed findings and recommendation of the magistrate judge, which are adopted and incorporated herein, the court accordingly concludes that movant's section 2255 motion should be denied.

It is, therefore, ORDERED that the movant's motion pursuant to 28 U.S.C. § 2255 be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: June 30, 2006

John T. Copenhaver, Jr.
United States District Judge

4